**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

James D. Wren,

      Plaintiff,

v.

Minnesota Department of Corrections; Paul Schnell, *Commissioner, in his official capacity*; Minnesota Correctional Facility Stillwater; William Bollin, *Warden, in his official capacity*; Gary, *Sgt., in his official and individual capacities*; Jenny Carufel*, Lt., in her official and individual capacities*; Terra O'Conner, *Lt., in her official and individual capacities*,

      Defendants.

File No. 25-CV-3623 (JMB/LIB)

**ORDER**

---

James D. Wren, Moose Lake, MN, self-represented.

Madeline Mae Sheehy and Rachel E. Bell-Munger, Minnesota Attorney General's Office, St. Paul, MN, for Defendants Paul Schnell, William Bolin,[1] Gary, Jenny Carufel, and Terra O'Conner.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois, dated January 6, 2026, regarding the viability of certain claims in Plaintiff James D. Wren's Complaint against Defendants Minnesota Department of Corrections (DOC), Paul Schnell, Minnesota Correctional

---

[1] The Court notes that the Complaint names "William Bollin" as a Defendant; however, the Court will refer to this Defendant as "William Bolin."

1

Facility Stillwater (MCF-Stillwater), William Bolin, Gary, Jenny Carufel, and Terra O'Conner (together, Defendants). (Doc. No. 10.) Wren objected to the R&R (Objection). (Doc. No. 12.) For the reasons explained below, the Court will overrule Wren's Objections and adopt the Magistrate Judge's recommendations to dismiss certain portions of the Complaint.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

In September 2025, Wren filed a seven-count civil-rights Complaint, in which he alleged that Defendants' discretionary use of unreliable rapid drug-screening tests and implementation of disciplinary measures based on the results of such tests, is unlawful. (Doc. No. 1.) Specifically, Wren alleges that, in July 2024, certain DOC staff members used the rapid drug-screening tests on pieces of paper in his cell without first taking precautions to avoid cross-contamination with other inmates' property, which produced a positive result. (*Id.* at 7–8.) Afterward, based on the allegedly unconfirmed positive drug tests, Defendants placed Wren in an administrative segregation unit and confiscated (and never returned) certain items of his property. (*Id.* at 8–9.) He asserts that Defendants' practices violate his right to counsel under the Minnesota Constitution (Count I); violate his rights to due process under the Minnesota Constitution (Count II); are negligent (Count III); are discriminatory (Count IV); constitute harassment (Count V); violate his right of

2

access to the courts (Count VI); and constitute civil conspiracy under 42 U.S.C. § 1985 (Count VII). (*See id.* at 11–17.)

The Magistrate Judge issued an R&R after reviewing the pleadings under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that, in a matter in which a party proceeds in forma pauperis, the Court shall dismiss claims that are frivolous or for which the plaintiff has failed to state a claim in the pleading. *See* 28 U.S.C. § 1915(e)(2)(B). In the R&R, the Magistrate Judge recommends that the Court dismiss portions of Wren's Complaint, and that the case proceed only on the individual-capacity claims and the official-capacity claims (only to the extent that Wren does not seek monetary or other retrospective damages) in Counts I, II, III, V, and VI against Schnell, Bolin, Gary, and O'Conner. Specifically, the Magistrate Judge recommends dismissal of the following claims: (1) the claims against DOC and MCF-Stillwater, and the official-capacity claims for monetary damages against Schnell, Bolin, Gary, Carufel, and O'Conner because such claims are foreclosed by those parties' immunity under the Eleventh Amendment to the U.S. Constitution; (2) the claims against Carufel in her individual capacity on grounds that the Complaint makes no allegation regarding Carufel or her conduct; and (3) the Equal Protection Clause claim asserted at Count IV for failure to state a claim because Wren does not allege that he (as either a member of a group or as an individual) was treated differently than other similarly situated groups or individuals, and (4) the civil conspiracy claim asserted at Count VII for failure to state a claim because Wren's allegations regarding conspiracy are impermissibly conclusory and because the *Monell* aspect of the claim is duplicative of the claims in Counts I, II, and VI. (*See* Doc. No. 10 at 7–12.)

3

**DISCUSSION**

Wren now raises several objections to the R&R. (Doc. 12.) For the reasons discussed below, the Court overrules the Objections.

The Court conducts a de novo review of any portion of an R&R to which a party makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Wren first objects to the Magistrate Judge's recommendation that Carufel be dismissed because the Complaint does not make any allegations about her or her conduct. (Doc. No. 12 at 1–2.) Wren provides several examples of how Carufel is linked to the conduct and occurrences alleged in the Complaint—for example, he alleges that Carufel "was in charge of copying Plaintiff['s] legal mail and all paper property" and that he exchanged "many kites" with her, and that those kites are "now exhibits in this action." (*Id.* at 1.) However, a complaint cannot be amended through allegations made in briefing. *Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020). Further, though Wren attached exhibits to the Complaint showing Carufel's name on certain prison communication documents (*see, e.g.*, Doc. No. 1-1 at 13), he does not allege in his Complaint what about Carufel's conduct was unlawful. The Court is required to "liberally construe[]" Wren's complaint, *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted), but it is not required to speculate what Wren's allegations of unlawful conduct are. Therefore, the Court overrules Wren's objection and will dismiss all claims against Carufel without prejudice.

Second, Wren objects to the Magistrate Judge's recommendation that Count IV be dismissed on grounds that the Complaint lacks allegations that Wren was a member of a protected class or that he was singled out for unfavorable treatment. (Doc. No. 12 at 3–5.) In his Objection, Wren makes allegations regarding his membership in a protected class and that he was singled out by Defendants for disparate treatment. (*See id.*) However, as already noted, Wren cannot fix deficiencies in his Complaint through briefing. *Al-Saadoon*, 973 F.3d at 805. Therefore, the Court overrules Wren's objection and will dismiss Count IV without prejudice.

Lastly, Wren objects to the Magistrate Judge's recommendation that the *Monell* aspect of Count VII be dismissed. (Doc. No. 12 at 5–6.) Here, again, Wren makes an argument with reference to facts that are not alleged in the Complaint—these arguments do not remedy the factual deficiencies in the Complaint. *Al-Saadoon*, 973 F.3d at 805.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Plaintiff's Objections (Doc. No. 12) to the R&R.

2. The Court ADOPTS the R&R. (Doc. No. 10.)

3. The Court DISMISSES the following portions of the Complaint:

   a. Count IV is DISMISSED WITHOUT PREJUDICE.

   b. Count VII is DISMISSED WITHOUT PREJUDICE.

   c. All remaining claims for monetary damages and other retrospective relief against Defendants Paul Schnell, William Bolin, Gary, Jenny Carufel, and Terra O'Conner in their official capacities are DISMISSED WITHOUT PREJUDICE.

      d.      All remaining claims against Defendant Jenny Carufel in any capacity are DISMISSED WITHOUT PREJUDICE.

      e.      All claims against Defendants Minnesota Department of Corrections and Minnesota Correctional Facility Stillwater are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 15, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court